IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:06-CR-45-BO-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| ROGER HUGH TAYLOR, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on several pretrial motions by the Defendant. The matters have been fully briefed and are now ripe for ruling.

## BACKGROUND

Defendant, along Co-defendants Strickland, Lovin, and others, were deputies of the Robeson County Sheriff's Office, and were indicted on violations of the Racketeering Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(c). The indictment alleges that the criminal enterprise conducted included acts of arson, assault, theft of public funds, distribution of controlled substances and money laundering.

## ANALYSIS

I.   Motion for Notice of Intent to use 404(b) Evidence [DE # 66]

Rule 404(b) of the Federal Rules of Evidence requires that the prosecution give "reasonable notice in advance of trial" of other crimes, wrongs or acts evidence that it intends to use. The Government submits that they are aware of the requirement and will provide pretrial notice of the evidence that it intends to use for 404(b) purposes. Should the Government attempt

1

to introduce 404(b) evidence at trial, that Defendant was not notified of pretrial, and the Government has not made a showing of good cause as to why there was no pretrial notice, the evidence will be inadmissible at trial. Because the Government agrees to comply with their obligations for reasonable pretrial notice, Defendant's Motion for Notice of Intent to use 404(b) Evidence is DENIED.

II.     Motion for Pretrial Disclosure of All Exculpatory and Impeachment Materials [DE # 67]

Defendant seeks early disclosure of all information required under the *Brady*. *Brady* evidence is that which is favorable to the accused and is material to guilt or punishment. *Brady v. Maryland*, 373 U.S. 82, 87 (1963). Although there is no time frame required, such evidence must be disclosed at a time which makes the evidence of value to the accused. *Hamrick v. Bailey*, 386 F.2d 390, 363 (4th Cir. 1967). The Government indicated that it has provided ample discovery and is aware of its continuing obligations to disclose materials that fall under the *Brady* rule. Absent specific evidence that the Government has failed to meet its requirements, the Defendant's Motion is DENIED.

Defendant further requests pretrial disclosure of statements made by individuals that may testify for the government at trial. Under the Jencks Act, such statements are not required to be disclosed by the Government until the Government has concluded its direct examination of the witness. 18 U.S.C. § 3500; *United States v. Lewis*, 35 F.3d 148, 151 (4th Cir. 1994). Accordingly, there in no legal basis to compel pretrial disclosure of Jencks statements and Defendant's Motion is DENIED.

III.    Motion to Compel Early Production of Grand Jury Testimony [DE # 68]

Defendant reiterates its request for pretrial *Brady* and Jencks material. For the reasons

discussed above, Defendant's Motion is DENIED.

IV.     Motion for Sequestration of Government Witnesses [DE # 69]

Rule 615 of Federal Rules of Evidence mandates that the Court shall exclude witnesses so that they cannot hear the testimony of other witnesses. FED. R. EVID. 615. Excepted from this rule are parties themselves, designated representatives of corporations, a person whose presence is shown by a party to be essential to the presentation of the case, or those authorized by statute to be present. *Id.* at 615(2) A government investigative agent may be exempted under the rule. *United States v. Parodi,* 703 F.2d 768, 773 (4th Cir. 1983). The Government submits that the North Carolina State Bureau of Investigation, United States Secret Service and the Internal Revenue service jointly conducted the investigation in this matter, and that a representative from each should be exempted from the Rule 615 requirements. However, under exception 615(2) only one designated representative is permitted. *United States v. Farnham,* 791 F.2d 331, 334-35 (4th Cir. 1986). Accordingly, Defendant's Motion to Sequester Witnesses is GRANTED, the Government is permitted to designate one person as the investigative agent under Rule 615(2).

V.      Motion to Compel Disclosure of Existence of Promises and Impeaching Information [DE # 70]

This motion relies on the same law as Defendant's Motion for Motion for Pretrial Disclosure of All Exculpatory and Impeachment Materials [DE # 67], but requests different information. For the same reasons detailed regarding [DE # 67] above, Defendant's Motion is DENIED.

VI.     Motion for Pretrial Conference [DE # 71]

Defendant moves for a pretrial conference pursuant to Rule 17.1 of the Federal Rules of

3

Case 7:06-cr-00045-BO    Document 119    Filed 01/18/07    Page 3 of 5

Criminal Procedure. At this time, the Court does not feel that the circumstances warrant a pretrial conference, and Defendant's Motion is DENIED.

VII.    <u>Motion for Pretrial Disclosure of All Exculpatory and Impeachment Materials [DE # 76]</u>

This motion relies on the same law as Defendant's Motion for Motion for Pretrial Disclosure of All Exculpatory and Impeachment Materials [DE # 67], but requests different information. For the same reasons detailed regarding [DE # 67] above, Defendant's Motion is DENIED.

VIII.    <u>Motion for Bill of Particulars [DE # 84]</u>

The purpose of a bill of particulars, pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure, is to inform the defendant of the charges against him and to minimize surprise at trial. *United States v. Butler,* 885 F.2d 195, 199 (4th Cir. 1989) (quoting *United States v. Hawkins,* 661 F.2d 436, 451 (5th Cir. 1981). It is not to be used as a discovery device or to provide detailed disclosure of the government's evidence prior to trial. *United States v. Automated Med. Labs., Inc.,* 770 F.2d 399, 405 (4th Cir. 1985). A bill of particulars is unnecessary where the indictment complies with the Fifth and Sixth Amendments by alleging the essential elements of the crime with which the defendant is charged in a manner that permits a defense and plead double jeopardy in any future prosecutions. *Hamling v. United States,* 418 U.S. 87, 117 (1974); *Butler,* 885 F.2d at 198. Here, a bill of particulars is inappropriate because the indictment provided a detailed description of the alleged criminal activity, setting out the elements of several RICO charges. Defendant's request for a bill of particulars is DENIED.

In conclusion, Defendant's Motion for Notice of Intent to use 404(b) Evidence [DE # 66] is DENIED; Motion for Pretrial Disclosure of All Exculpatory and Impeachment Materials [DE #

67] is DENIED; Motion to Compel Early Production of Grand Jury Testimony [DE # 68] is DENIED; Motion for Sequestration of Government Witnesses [DE # 69] is GRANTED and the Government is permitted to designate one person as the investigative agent under Rule 615(2); Motion to Compel Disclosure of Existence of Promises and Impeaching Information [DE # 70] is DENIED; Motion for Pretrial Conference [DE # 71] is DENIED; Motion for Pretrial Disclosure of All Exculpatory and Impeachment Materials [DE # 76] is DENIED; and Motion for Bill of Particulars [DE # 84] is DENIED.

SO ORDERED, this 17 day of January, 2007.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

5

Case 7:06-cr-00045-BO   Document 119   Filed 01/18/07   Page 5 of 5